# Judge Hellerstein

BLANK ROME LLP
Attorneys for Plaintiff
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
The Chrysler Building
New York, NY 10174
(212) 885-5000

**OFFICE COPY**

**08 CV 02487**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



MAR 1 1 2008

U.S.D.C. S.D N.Y.
CASHIER

---

KOOKYANG SHIPPING CO. LTD.,

      Plaintiff,

    v.

LMJ INTERNATIONAL,

      Defendant.

---

08 Civ. 02487

**VERIFIED COMPLAINT**

Plaintiff KOOKYANG SHIPPING CO. LTD. ("Kookyang" or "Plaintiff"), as Disponent Owner of the M/V VIEN DONG II, by its attorneys Blank Rome, LLP, complaining of the above-named Defendant LMJ INTERNATIONAL ("LMJ or "Defendant"), alleges upon information and belief as follows:

1.    This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has subject matter jurisdiction.

2.    At all material times, Plaintiff was and now is a foreign company organized and existing under the laws of Korea and the disponent owner of the Motor Vessel VIEN DONG II (the "Vessel").

900200.00001/6623087v.1

3.    At all material times, LMJ was and now is a corporation organized and existing under the laws of India.

## THE BASIC FACTS

4.    Kookyang voyage chartered the Vessel to LMJ pursuant to a charter dated on or about August 30, 2007 (the "Charter").

5.    Kookyang alleges that LMJ failed to pay freight in the sum of $256,025 due and owing under the charter, duly invoiced.

6.    The dispute relating to the non-payment of freight has been submitted to London arbitration, pursuant to the terms of the Charter (the "London Arbitration").

7.    Kookyang's claim submission in the London Arbitration is Exhibit 2 to the accompanying Rule B affidavit.

8.    This action is expressly filed without prejudice to the London Arbitration.

## COUNT I

## RULE B RELIEF

9.    Plaintiff repeats paragraphs  1 through 8 as if fully set forth herein.

10.    Plaintiff seeks issuance of process of maritime attachment pursuant to Supplemental Rule B and 9 U.S.C. § 8 so that it may obtain security for its claims including its English attorneys' fees and arbitrators' fees which are routinely awarded in London arbitration and no security for Plaintiff's claim has been posted by Defendant or anyone acting on its behalf to date.

11.    At best as can now be estimated, Plaintiff expects to recover the following amounts in the arbitration:

| | | |
|---|---|---|
| A. | On the principal claim | $256,025 |
| B. | Estimated Recoverable English Lawyers and Arbitrators' Fees & "Costs" | $ 50,000 |
| C. | Interest over the course of 3 years at prime rate average of 8% per annum: | $ 61,446 |
| | **TOTAL**: | $367,471 |

12.    Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B"), but is believed to have, or will have during the pendency of this action, assets in this jurisdiction.

**WHEREFORE**, Plaintiff prays:

A.    That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.    That since Defendant cannot be found within this District pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Defendant's tangible or intangible property or any other funds held by any garnishee, which are due and owing to Defendant up to the amount of $367,471 to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rule B, answer the matters alleged in the Verified Complaint;

C.    That this Court retain jurisdiction over this matter through the entry of a judgment or award associated with the pending claims including appeals thereof.

D.    That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
      March 11, 2008

                        Respectfully submitted,
                        BLANK ROME, LLP
                        Attorneys for Plaintiff

By _____,
                        Jeremy J.O. Harwood (JH 9012)
                        405 Lexington Avenue
                        New York, NY 10174
                        Tel.: (212) 885-5000

## VERIFICATION

STATE OF NEW YORK    )
                            : ss.:
COUNTY OF NEW YORK   )

Jeremy J.O. Harwood, being duly sworn, deposes and says:

1.     I am a member of the bar of this Honorable Court and of the firm of Blank Rome, LLP, attorneys for Plaintiff.

2.     I have read the foregoing Complaint and I believe the contents thereof are true.

3.     The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4.     The sources of my information and belief are documents provided to me and statements made to me by representatives of Plaintiff.

Jeremy J.O. Harwood

Sworn to before me this
11th day of March, 2008

Notary Public

NEAL MITCHELL
Notary Public, State of New York
No. 01MI6114408
Qualified in New York County
Commission Expires Aug. 16, 20__

BLANK ROME LLP
Attorneys for Plaintiff
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
The Chrysler Building
New York, NY  10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| KOOKYANG SHIPPING CO. LTD.,<br><br>                    Plaintiff,<br><br>          v.<br><br>LMJ INTERNATIONAL,<br><br>                    Defendant. | 08 Civ.<br><br>**AFFIDAVIT UNDER<br>SUPPLEMENTAL RULE B** |

STATE OF NEW YORK      )
                                              : ss.:
COUNTY OF NEW YORK    )

JEREMY J.O. HARWOOD, being duly sworn, deposes and says:

1.     I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome, LLP, attorneys for the Plaintiff herein.  I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiff's request for the issuance of process of maritime attachment and garnishment of the property of defendant LMJ INTERNATIONAL, a company organized and existing under the laws of India, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and 9 U.S.C. § 8.

2.     The defendant is not incorporated or registered to do business in this State.

3.     Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, Transportation Tickler (2007 edition), telephone assistance in New York City, and the internet Yellow Pages.

4.     In our search, we did not find any listing or reference to defendant in this district or state.

5.     I reviewed the website of defendant which showed no office in the United States. The website of "lmjlogistics.com/contact" showed two office addresses in New Jersey at North Brunswick and Edison. Ex. 1 hereto.

6.     In the circumstances, I believe the defendants cannot be "found" within this district.

7.     I attach as Exhibit 2 hereto a copy of the plaintiff's claims submissions in the London arbitration.

*Jeremy Harwood*

Jeremy J.O. Harwood

Sworn to before me this
11th day of March, 2008

Notary Public

NEAL MITCHELL
Notary Public, State of New York
No. 01MI6114408
Qualified in New York County
Commission Expires Aug. 16, 20___

# EXHIBIT 1

# EXHIBIT 2



WORLDWIDE CARGO TRANSPORTATION BY AIR, BY SEA, BY LAND

| Company | Services | Quote Request | Mission Statement | Helpful Links | Contact Us | Customer Lc |

### ADDRESS:

20 Corporation Row
Edison, NJ 08817

### MAILING ADDRESS

Commerce Center
2227 US Highway 1, #179
North Brunswick, NJ 08902
USA

### KEY PERSONNEL PHONE NOS

1(732) 823 0029 Receptionist LMJ
1(732) 993 4056 Deji Olorunnisola
1(732) 993 4057 Kennedy Daniel
1(732) 993 4058 Anne Almada
1(732) 993 4060 Maria Roelle
1(732) 993 4062 Richard Broadhead
1(732) 993 4063 Fareed Jubran
1(732) 993 4064 Leila Office

**Phone:** 732-940-2169
**Fax:** 732-940-8334

### KEY PERSONNEL CONTACTS

*Operations Manager* - Deji [e-mail]
*Operations* - Fareed [e-mail]
*Operations* - Richard [e-mail]
*Sales* - [e-mail]
*Information* - [e-mail]
*Career* - [e-mail]
*Webmaster* - [e-mail]

### LMJ ADVANTAGES

• Best industry rates
• Reliable customer service
• Excellent customer reviews

### OUR INTERNATIONAL FOCUS

LMJ is small enough to personalize each client, and big o
right. We offer the International Trade community with .
grow and succeed globally - contact us today.

**COMPANY   SERVICES   QUOTE REQUEST   HELPFUL LINKS   CONTACT US   CUSTOMER LOGIN**

© LMJ International Logistics



**M F B**

S O L I C I T O R S

Mr Patrick O'Donovan
Churcham House
1 Bridgeman Road
Teddington
Middlesex TW11 9AJ

**45   M O O R F I E L D S
L O N D O N   E C 2 Y   9 A E**

TELEPHONE:  020 7330 8000
FACSIMILE:   020 7256 6778
EMAIL:  mail@m-f-b.co.uk
WEBSITE: www.m-f-b.co.uk
jbruce@m-f-b.co.uk

OUR REF:   JB/SSM/1440/274999
YOUR REF:

21 February 2008

Dear Sir

**"VIEN DONG II" – C/P DD. 30.8.07**

We are instructed on behalf of the Disponent Owners of the "VIEN DONG II", Kookyang
Shipping Co Ltd, who voyage chartered the vessel to LMJ International of Kolkata pursuant to
a voyage Charterparty contained in a recap dated 30 August 2007 (Appendix 1). We should be
grateful if you would accept this letter as the Claim Submissions on behalf of Kookyang
Shipping Co Ltd ("the Claimants").

The Charterparty, upon which the Claimants rely for its full force and effect, provides as
follows:

12.    FREIGHT PAYMENT: 100PCT FREIGHT LESS COMM TO BE DEDUCTED AND
       TO BE PAID TO OWNER'S NOMINATED BANK ACCOUNT WITHIN 3 (THREE)
       BANKING DAYS AFTER COMPLETION OF LOADING, AND AFTER SIGNING
       AND RELEASING FULL SET OF ORIGINAL "CLEAN ON BOARD" "BS/L
       MARKED" FREIGHT PAYABLE AS PER CHARTER PARTY. But always in
       conformity with mates receipt. UPON COMPLETION OF LOADING, OWNERS
       SHOULD RELEASE THROUGH MASTER OR LOADPORT AGENT WHO MUST
       BE GIVEN NECESSARY AUTHORISATION FROM BEFOREHAND "FREIGHT
       PAYABLE AS PER CHARTER PARTY" BILL OF LADING/S WITHIN 24 HOURS
       ACOL IF B/L COMPLY WITH M/R.

       UPON REMITTING BY CHARTERERS 100% FREIGHT LESS COMM AND OAP
       and receipt by owners bank or receipt of swift copy by owners, then OWNERS MUST
       IMMEDIATELY RELEASE FREIGHT PREPAID BILL OF LADING IF SO
       REQUIRED BY THE CHARTERERS, and chrtrs to surrender the 1st issued 'freight
       payable … bs/l' in exchange.

       AUTHORITY MUST BE GIVEN BY OWNERS AND MASTER TO CHARTERERS
       NOMINATED AGENTS TO SIGN/RELEASE BILLS OF LADING ON BEHALF OF

· Stuart Blaxell · Joanna Bruce · Faye Doherty · Edward Gray · Ian Hawkes · Gerard Hopkins · Andrew Hughes ·
· Peter Jago · Michael Mitchell, *Master Mariner* · Mark Seward · Jonathan Watson · Simon Wolsey · Andrew Wright ·

Regulated by the Solicitors Regulation Authority

THE MASTER, BUT AGAINST OWNER'S WRITTEN INSTRUCTION. A COPY OF SUCH AUTHORITY TO BE PROVIDED TO CHRTS UPON VSL BERTHING BEFORE COMMENCEMENT OF LOADING.

27.    GA/ARBITRATION IN LONDON AS PER ENGLISH LAW

28.    SUB OTHERS OWS REVIEW CHRTS PFM GENCON C/P 1994

32.    BIMCO  ISM  CLAUSE  INCORPORATED  IN  CP/BIMCO  ISPS  CLAUSE INCORPORATED IN CP, CP BASED ON MANILA STAR OR TAICHUNG

The "TAI CHUNG" Charterparty dated 30 March 2007 (Appendix 2) provides as follows in Clause 28:

28.    100% Freight less comm./oap contribution payable within 3 banking days after completion of loading and signing / releasing bills of lading marked "freight payable as per charter party". If freight prepaid bills of lading required then same to be issued on faxing remittance advice of 100 percent freight having been irrevocably made to owners nominated bank account.

Full Freight shall be deemed to be earned upon completion of loading, non-returnable and discountless, whether vessel and/or cargo lost or not lost.

The vessel was chartered by the Claimants to LMJ International for a voyage from Haldia for discharge in China. On or about 26 September 2007 a cargo of 7,000mt iron ore fines was loaded at Haldia.

According to the charterparty, freight is deemed to be earned upon completion of loading and is non-returnable and discountless whether the vessel and/or cargo is lost or not lost. Whilst in fact the vessel became a CTL on the voyage, freight is due and payable in accordance with the attached freight invoice dated 1 October 2007 (Appendix 3) .

Accordingly, the Claimants claim the sum of US$256,025 together with interest at such rate as the Tribunal considers fit, and costs.

Yours faithfully

MFB

**MFB**


cc:    sandrson@vsnl.com
       ajitpatni@lmjgroup.com

**Dawson, Mark**

| | |
|---|---|
| **From:** | MARUSHIP/SBGWAK [maruship@maritime.co.kr] |
| **Sent:** | 30 August 2007 15:30 |
| **To:** | 0 ???? |
| **Cc:** | 0 ??- Wambbang |
| **Subject:** | (RECAP) FW: VIEN DONG 2/ ACC LMJ INTERNATIONAL |

*LMJ Recap.*

MARU SHIPPING T)82-2-733-4929 F) 82-2-732-4929  ((S.B.GWAK))
══════════════════════════════════════════════════════════════════

maruship@maritime.co.kr; maruship@kornet.net; (P/F)maru.ops@maritime.co.kr
  S.B.GWAK MSN: MARU-SBG@hotmail.com MP 82-11-211-9098
══════════════════════════════════════════════════════════════════

RECAP OF TERMS
════════════

>> > Subject: Re: VIEN DONG 2/ ACC LMJ INTERNATIONAL

>> >
>> > CHRTRS TO READ ACC LMJ INTERNATIONAL
>> > ═══════════════════════════════════════════
>> > RE : MV¡¯VIEN DONG 2¡¯
>> >
>> >
>> > 1. ALL NEGOTIATIONS / TRADE TO BE KEPT STRICTLY PNC
>> >
>> > 2. ACCOUNT :LMJ INTERNATIONAL KOLKATA          — *f. (rummed stratri*
   >
>> > 3. OWNERS  : KOOKYANG SHIPPING CO.,LTD.
>> >
>> > 4. PERFORMING VESSEL
>> >
>> > MV¡¯VIEN DONG 2¡¯ = CHITTAGONG O/A 10.SEP
>> > TDBC7,598 DWT ON 7.61
>> > 1990 BLT VIETNAM FLAG NK CLASS
>> > GRT/NRT : 6000 / 2525
>> > GRAIN/BALE : 14247 / 13174M3
>> > LOA/B/D : 105.08/18.00/13.00
>> > 2HO/2H, DERRICK No.1:17MT, No.2:20MT, No.3:22MT, No.4:20MT.
>> > ABT 11 KTS ON ABT 9.5 MT IFO (180CST) + DO AT SEA 0.9T/DAY,
>> >    DO 1.5T/DAY AT PORT WORKING / DO 1.0T/DAY IDLE
>> > ADA
>> VSL IS SUITABLE TO LOAD IRON ORE FINES
>> >
>> > 5. CARGO & QTY :FNC  IRON ORE SUBJ LOAD PORT DRAFT WHC OWNERS CHK AND
>> > LOAD

>> > ACDNLY UPTO VESSEL¡'S MAX LOADABLE DECLARED BY MASTER

>> > THROUGH N.O.R.

>> >

>> > 6.LOAD PORT -1SB 1SP HALDIA

>> >

>> > 7. DISCHARGE PORT -1 SP 1 / 2 SB PORT IN NORTH INCLD YANGTZE RIVER

>> > PORT

>> >

>> > 8. LAY CAN 9-17.SEPT 2007

>> >

>> > 9. FREIGHT USD 38.00 PMT FIOST 1/1

>> >

>> > 10. LOAD RATE :

>> > HALDIA : 5000 MT PWWD SHINC  BSS VSL DESCRIPTION ABV, IF LESS

>> > PRORATA

>> >

>> > Any trimming required in excess of what can be possible with the grabs

>> > is

>> > to be for owners account and time Owners to provide all equipment and

>> > crew as on board to facilitate the loading/discharging operations

>> >

>> > Laytime cease to count upon completion of DRAFT SURVEY AT EACH

>> > PORT/berth.

>> >

>> > FOR DELAY iN DOCUMENTN DUE TO VSLS REASONS SAME TO BE ON OWNERS A/C.

>> > SHFTING TIME FROM ANCHORAGE TO BERTH AT BOTH LD AND DISPORTS NOT TO

>> > COUNT

>> > AS USED LAYTIME AND ANY SHIFTING INSIDE PORT DUE TO VESSEL /OWNERS

>> > REQRMNT        ALWAYS ON OWERS ACCT & TIME.

>> >

>> > 11. DIS RATE :6,000 MT PWWD SHINC.

>> >

>> > 12. FREIGHT PAYMENT: 100PCT FREIGHT LESS COMM   TO BE DEDUCTED AND

>> > TO  BE PAID TO OWNER'S NOMINATED BANK  ACCOUNT WITHIN 3(THREE) BANKING

>> > DAYS

>> > AFTER COMPLETION OF LOADING,AND AFTER  SIGNING AND RELEASING FULL SET

>> > OF

>> > ORIGINAL" CLEAN ON  BOARD " " BS/L  MARKED "FREIGHT PAYABLE AS PER

>> > CHARTER

>> > PARTY. But always in conformity with mates receipt. UPON COMPLETION OF

>> > LOADING, OWNERS SHOULD RELEASE THROUGH MASTER OR LOADPORT AGENT WHO

>> > MUST

>> > BE  GIVEN NECESSARY AUTHORISATION FROM BEFOREHAND 'FREIGHT PAYABLE AS

>> > PER

>> > CHARTER PARTY' BILL OF LADING/S WITHIN 24 HRS ACOL IF B/L COMPLY WITH

>> > M/R.

>> > UPON REMITTING BY CHARTERERS 100% FREIGHT LESS COMM AND OAP and

>> > receipt

>> > by

>> > owners bank or

>> > receipt of swift copy by  owners, then OWNERS MUST IMMEDIATELY RELEASE

>> > FREIGHT PREPAID BILL OF LADING IF SO REQUIRED BY THE CHARTERERS, and

>> > chrtrs  to surrender the 1st issued 'freight payable ..bs/l' in

>> > exchange .

>> > AUTHORITY  MUST BE GIVEN BY OWNERS AND MASTER TO CHARTERERS NOMINATED

04/10/2007

>> > AGENTS
>> > TO SIGN /RELEASE BILLS OF LADING ON BEHALF OF THE MASTER, BUT AGAINST
>> > OWNER'S WRITTEN INSTRUCTION.
>> > A COPY OF SUCH AUTHORTY TO BE PROVIDED TO CHRTS UPON VSL BERTHNG BFORE
>> > COMMENCEMENT OF
>> > LOADNG.
>> >
>> >
>> > 13.OWNERS / MASTER TO GIVE ETA ON FIXING AND 5/3/2 AND DEFINITE 24 HRS
>> > ETA
>> > NOTICES TO CHARTERER /
>> >   RECIEVER AT LOAD AND DISCHARGE PORTS.
>> >
>> >
>> > 14.NOR TO BE TENDERED OFC HRS AT LOAD AND  DISPORT BY
>> > CABLE/FAX/TELEX, WIPON, WIBON, WICCON,WTFPON.
>> >
>> >
>> > 15. ON TENDERING N.O.R. AT LOAD PORT VSL'S HOLDS & HATCH COVERS ARE
>> > TO
>> > BE  CLEAN DRY & IN ALL WAYS SUITABLE FOR THE CARRIAGE  OF BULK IRON ORE
>> > FINES  UPON INSPECTION HATCHES FOUND UNCLEAN, THEN LAYTIME  FM TIME
>> > REJECTED  UNTIL PASSED NOT TO COUNT.
>> >
>> > 16. 12HRS TT AT LPORT ONLY/FREE TT DISPORT
>> >
>> > 17.BONVOYAGE SHIPPING LOGISTICS AT LOAD PORT AGENTS , OWNERS, PAYING
>> >   REASONABLE PORT DUES COMPARING WITH OTHER VALUABLE AGENT. (OWNERS
>> > AGENTS
>> > DISCHAREGE PORT)
>> >
>> > 18.DEMURRAGE USD 5,500 PDPR / HD WTS BENDS
>> >
>> > 19. DEM, DESP BENDS TO BE SETLLD PRIOR DELY OF CARGO TO RECVRS
>> > AT DISPORT,
>> > OWS TO PRESENT ALL DOCS INCL NOR/SOF/LAYTIME CALCS TO CHRS DULY SINGED
>> > BY
>> > ALL PARTIES.
>> > AFTER DISCHARGING CGO AT CUSTOM CUSTODY, IN CASE OF ANY DELAY OF CARGO
>> > DELIVERY
>> > DUE TO NON-SETTLEMENT OF DEM,IF ANY, ALL RELEVANT COST TO B BORN AT
>> > CHRTS
>> > ACCT.
>> >
>> > 20. OAP FREE
>> >
>> > 21. ANY TAXES/DUES ON VESSEL/FREIGHT TO BE ON OWNERS  ACCOUNT.
>> >
>> > 22. ANY TAXES/DUES ON CARGO/WHARFAGE TO BE ON CHARTERERS ACCOUNT.
>> >
>> > 23 .IF OBL IS NOT AVAILABLE AT DISCHARGE UPON VESSEL'S ARRIVAL AT
>> > DIS.PORT, THE CARGO MAY BE RELEASED AGAINST
>> > CHARTERERS LOI, STRICTLY IN ACCORDANCE WITH OWNERS
>> > PANDI CLUB WORDING,
>> > OWNERS MAY DISCHARGE  CARGO  INTO BONDED WAREHOUSE UNDER CUSTOMS

04/10/2007

>> > CUSTODY
>> > AGAINST CHTRS WRITTEN AUTHORITY ONLY, THE STORAGE CHARGE AND
>> > ANY ADDITIONAL EXPENSES THEREFROM SHALL BE FOR THE
>> > charterers/recvrs
>> > ACCOUNT.
>> >
>> > 24. DRAFT RESTRICTIONS AT LOAD PORT AND DIS PORT OWNERS RESPONSIBILITY
>> >
>> > Discharge port to be declared after completion of loading but latest
>> > before vessel passing sigapore, charterers confirm that there is no
>> > resrtiction for vessel of this size and draft at discharge port.
>> >
>> > discharge port intention is zhenjiang and the bills of lading to show
>> > discharge port as zhenjiang. however, if any change in discharge port(
>> > within the agreed limits as per cp), same will be advised by charterers
>> > before the vessel passes singapore . but same b/l showing zhenjiang to
>> > be
>> > used for delivery .
>> >
>> > 25. ALL VESSEL RELATED INSURANCE TO OWNERS ACCOUNT
>> >
>> > 26. OWNERS CONFIRM THAT VSL derricks/CRNS ARE SUITABLE FOR GRAB LOADING
>> > AND
>> > DISCHARGING. VESSEL TO SUPPLY ADEQUATE POWER TO ALL GRABS max 4
>> > derricks/CRNS /
>> > grabs SIMULTANEOUSLY. ( POWER REQUIRED FOR USAGE OF HYDRAULIC GRABS
>> > 440
>> > VOLTS) TIME LOST IF ANY DUE TO POWER SHORTAGE WILL BE COUNTED ON OWNERS
>> > A/C AND TIME.
>> >
>> > 27. GA/ARBITRATION IN LONDON AS PER ENGLISH LAW
>> >
>> > 28. SUB OTHERS OWS REVIEW CHRTS PFM GENCON C/P 1994
>> >
>> > 29. SUB STEM /SHIPPERS / RCVRS APPROVAL TO BE LIFTED W/I 12 HRS AFTM
>> >
>> > 30. COMM: 2.5 ADD TO CHTRS + 1.25 TRAMP + 1.25 MARU
>> >
>> > 31.THIS FIXTURE TO BE TREATED PRIVATE AND CONFIDENTIAL AND NOT TO BE
>> > REPORTED TO ANY THIRD PARTY.
>> >
>> > 32.BIMCO ISM CLAUSE INCORPORATED IN CP / BIMCO ISPS CLAUSE INCORPORATED
>> >    IN CP, CP BASED ON MANILA STAR OR TAICHUNG
>> >
>> > 33. FRT TO BE PAID IN EURO OR SINGAPORE DOLLARS CHRTRS TO BE
>> > RESPONSIBLE FOR EXCHANGE RATE.
>> >
>> > ENDS
>> >
>> > B.RGDS

04/10/2007

| 1. Shipbroker |  |
|---|---|
| MARUSHIP KOREA<br>MAMRLINE INDIA | RECOMMENDED<br>THE BALTIC AND INTERNATIONAL MARITIME COUNCIL<br>UNIFORM GENERAL CHARTER (AS REVISED 1922, 1976 and 1994)<br>(To be used for trades for which no specially approved form is in force)<br>CODE NAME : "GENCON" |

| 2. Place and date |
|---|
| KOLKATA, 30 MARCH 2007 |

| 3   Owners/ Place of business (Cl. 1) | 4.   Charterers / Place of business (Cl. 1) |
|---|---|
| HEAD OWNERS : TAI SHING MARITIME CO SA<br>DISPONENT OWNERS :JINYANG SHIPPING, KOREA | M/S , LMJ INTERNATIONAL<br>30.J.N ROAD ,KOLKATA |

| 5.   Vessel's name (Cl. 1) | 6.   GT / NT (Cl 1.) |
|---|---|
| MV TAI CHUNG | 22089/ 9767 |

| 7   DWT all told on summer load line in metric tons (abt) (Cl. 1) | 8   Present position (Cl. 1) |
|---|---|
| 37611 MT DWT ON 10.761M | TRADING |

| 9.   Expected ready to load (abt) (Cl. 1.) |
|---|
| 07-17 APRIL 2007 |

| 10. Loading port or place (Cl. 1) | 11.   Discharging port or place (Cl. 1) |
|---|---|
| 1SB 1SP HALDIA + 1SB 1SP PARADIP | 1SBP N CHINA |

| 12. Cargo (also state quantity and margin in Owners' option, if agreed; if full and complete cargo not agreed state "part cargo" (Cl. 1) |
|---|
| 35 000 MTS +/- 10% MOLOO  IRON ORE FINES IN BULK. |

| 13. Freight rate (also state whether freight prepaid or payable on delivery) | 14.   Freight payment (state currency and method of payment; also beneficiary and bank account (Cl. 4) |
|---|---|
| US DOLLARS 26 PMT FIO BASIS 2/1 | AS PER RIDER CLAUSE  27 AN 28 |

| 15. State if vessel's cargo handling gear shall not be used (Cl. 5) | 16.   Laytime (if separate laytime for load and discharge is agreed, fill in a) and b). If total laytime for load and disch., fill in c) only) (Cl. 6) |
|---|---|
| SEE CLAUSE -35 & 36 | a) Laytime for loading<br>5000 MT PWWD SHINC AT HALDIA 1700+ 6000 MT<br>AT PARADIP |
| 17. Shipper/Place of business (Cl. 6) |  |
|  | b) Laytime for discharging<br>- 8000 MT PWWD SHINC AT CHINA |
| 18. Agents (loading) (Cl. 6) |  |
| BONVOYAGE SHIPPING AND LOGISTICS | c) Total laytime for loading and discharging |
| 19. Agents (discharging) (Cl. 6) |  |
| SEE CLAUSE-35 |  |

| 20. Demurrage rate and manner payable (loading and discharging) (Cl. 7) | 21.   Cancelling date (Cl. 9) |
|---|---|
| USD 12500 PDPR/ HD WTS BENDS | 17 APRIL 2007 |
| DEM/DES ALL ENDS TO BE SETTLED WITHIN 15 DAYS AFTER<br>COMPLETION OF DISCHARGE AND SUBMISSION OF ALL RELEVANT<br>DOCUMENTS | 22.   General Average to be adjusted at (Cl. 12)<br>SEE CLAUSE-50 |

| 23. Freight Tax (state if for the Owners' account (Cl. 13 (c)) | 24.   Brokerage commission and to whom payable (Cl. 15) |
|---|---|
| SEE CLAUSE-32 | 2.5% ADDCOM +1.25 PCT TO MARU SHIP .KOREA<br>OR NOM CO. |

| 25. Law and Arbitration (state 19 (a), 19 (b) or 19 (c) of Cl. 19; if 19 (c)<br>agreed also state Place of Arbitration) (if not filled in 19 (a) shall apply)<br>(Cl. 19) | 26.   Additional clauses covering special provisions, if agreed |
|---|---|
| SEE CLAUSE-46 | 27 TO 53 |
| (a)State maximum amount for small claims/shortened arbitration (Cl. 19)<br>SEE CLAUSE-46 |  |

It is mutually agreed that this contract shall be performed subject to the conditions contained in this Charter which shall include part I as well as part II . In the event of a conflict of conditions, the provision of part I shall prevail over those of part II to the extent of such conflict.

| Signature (Owners) | Signature (Charterers) |
|---|---|
|  |  |

Printed and sold by Fr  G  Knudtzon Ltd.  55 Toldbodgade, DK-1253 Copenhagen K. Telefax +45 33 93 11 84<br>by authority of The Baltic and Maritime Council (BIMCO), Copenhagen

Copyright<br>And Intern-<br>antaine<br>Conference (8.  J.) Copenhagen<br>shed by The Baltic

- 1 -

**Rider Clauses to GENCON Charter Party**

27.  Freight Payment :
Please remit by telegraphic transfer to Owner's banking details as follows :
KOREA EXCHANGE BANK
INSADONG BRANCH SEOUL,KOREA
A/C No. :150-JSD-100946-6 (US$)
SWIFT CODE : KOEXKRSE
IN FAVOUR OF JIN YANG SHIPPING CO.,LTD.

28.  100% Freight less comm./oap contribution payable within 3 banking days after completion of loading and signing / releasing bills of lading marked "freight payable as per charter party". If freight prepaid bills of lading required then same to be issued on faxing remittance advice of 100 percent freight having been irrevocably made to owners nominated bank account.

Full Freight shall be deemed to be earned upon completion of loading, non-returnable and discountless, whether vessel and/or cargo lost or not lost.

29.  Undisputed Demurrage / Despatch if any to be settled within 15 running days after completion of discharge and submission of documents by fax.

30.  Charterers and/or the remitting Bank are required to furnish evidence of remittance by telegraphic transfer and/or S.W.I.F.T. to the Owners on 2nd banking day after S/R Bills of lading.

31.  The cargo shall be loaded free of expenses and risks to the Owners at the rate of 5000 mt at haidia  and 7000 mt  at paradip per weather working day of 24 consecutive hours, Sundays and holidays included.  12hours turn time unless sooner commenced at each loadports.

32.  The cargo shall be discharged free of expenses and risks to the Owners at the rate of 8,000 metric tons per weather working day of 24 consecutive hours,  Sundays and holidays included. 12hours turn time unless sooner commenced at discharging port.

Laytime at both load and discharge ports to be non-reversible.

33.  All charges, dues and levies including wharfage and marine buoys dues howsoever assessed on vessel, its flag, ownership/management, class at both load and discharge port shall be for Owner's account

All charges, dues and levies howsoever assessed on cargo/stevedore at load port shall be for charterer's/shipper's account.

All charges, dues and levies howsoever assessed on cargo/stevedore at the discharge port shall be for Charterer's/receiver's account.

34.  Owners to give 2 and 1 days of notice of E.T.A. load port to Charterer's/shipper (as detailed below) as well as loadport agent :

- 2 -
**Rider Clauses to GENCON Charter Party**

Loadport agents – bonvoyage shipping & logistics
simaship@yahoo.co.in mr. Ak ghosh

35.   Owners/Master to give notice on sailing loadport as well as 72/48/24/12 hours notice of E.T.A. discharge port to discharge port agent and receivers.

Discharge port Agent : owners agents at diport   To be advised

36.   Vessel's description as follows :- , MV. "TAI CHUNG" - ALL DETAILS "ABOUT" AND WITHOUT                                                                   GUARANTEE
SELF TRIMMING SDBC, CLASSED CR, BLT 82', PANAMA FLAG, 37,611 DWMT, ON 10.761M SWW, TPC 45.5MT, LOA 187.73M, BREADTH 28.4M, 4X15MT DECK CRANES, GRAIN CAPA 1618467 CUFT IN M/HOLDS, 5HO/5HA, NO ICE CLASS/STRENGTHENED, SPD/CONSUMPTION ABT 13.5KTS/ABT 33MT FO (1500SEC) + ABT 2MT DO, ECO ABT 12KTS/ABT 25MT FO (1500SEC) + ABT 2MT DO, IN PORT ABT 2MT DO IDLE/ABT 3MT DO WORK, SPEED AND CONSUMPTION IN GOOD WEATHER AND SMOOTH SEA CONDITIONS OF UPTO AND INCLUDING BEAUFORT SCALE
FORCE 4 AND DOUGLAS SEA STATE 3 AND NO NEGATIVE INFLUENCE OF SWELL NO ADVERSE CURRENTS.

37.   Owners confirm that vessel is suitable for loading and discharging on F.I.O.S.T. terms. Vessel is a single deck bulk carrier. Vessel shall not carry any cargo in deeptank/wingtanks or any other inaccessible places however, incase it is required to load for stability purpose of the vessel then owners to pre-notify charterers/agents and at discharge port additional time for taking out the cargo fm such places shall not count as laytime and additional stevedores / other related expenses incase occurred shall be for owners account. Owners to confirm that Vessel is suitable in all respects at all load / discharge ports.

At loading port, arrangement for shore cranes due to vessel's gears problem to  be for owners account but grabs shall be for charterers account/time. Incase any waiting time/breakdown time of cranes/shore crane/grabs, if any shall be for owners account/time.

37.   Opening and closing of hatches at both ends to be carried out by crew in quickest possible way whenever required at Owner's time and expense except where not permitted by Port Authorities/Customs or Port, in which case to be carried out by Stevedores at Charterer's time and expenses.

38.   Owners to make cargo holds ready in conformity with IMO Regulations.

39.   If vessel is unable to load cargo at specified rate owing to insufficient ballast capacity or for any reason attributable to vessel, time so lost not to count as laytime. Cargo loading sequences to be provided by Master prior to loading.

40.   Stevedoring overtime to be for account of party ordering the same. Officers and crew's overtime always for Owner's account.

41.   The first layer of cargo to be lowered as near as possible to vessel's tanktops to provide a cushion for loading balance of cargo.

- 3 -

## Rider Clauses to GENCON Charter Party

42. Vessel is to be consigned to agents nominated by the Charterers at the load and Owners agents at discharge port. Owners to appoint protective agents who will place charterer's nominated agents in funds advance to cover port disbursements, agency fees etc., failing which, Owners to be responsible for any additional time and expenses incurred due to their failure to place such funds in advance.

43. Notice of Readiness to load shall be tendered/accepted with clean holds, ready in all respects to load within office working hours after vessel has arrived at or off loadport WIBON, WIPON , WIFPON, WICCON. Laytime for loading shall commence 12 running hours after tendering Notice of Readiness,  Should the load berth be occupied on arrival of the vessel off the port NOR may be tendered at anchorage on arrival there, and time spent moving from anchorage to berth not to count as laytime.

44. Notice of Readiness to discharge shall be tendered, ready in all respects to discharge and accepted any time day or night Sundays and holidays included after vessel has arrived at or off the discharge port WIBON, WIPON, WIFPON, WICCON. Laytime for discharging shall commence 12 running hours after tendering Notice of Readiness, even if used.

45. If vessel should arrive before laycan date, time shall start to count upon commencement of loading, provided the vessel is in fact ready in all respects.

    If the vessel should arrive after laycan date, it shall be deem cancelled and new acceptance of the vessel shall be subjected to berth availability at the mutual agreement of owners and charterers. Time shall start to commence 24 hours after arrival of the vessel , unless earlier commenced, provided the vessel is in fact ready in all respects.

46. Law and Arbitration :
    Gencon 94 arbitration clause to apply.  See Clause 18

    English law to apply including LMAA rules for small claim procedures for amounts up to USD 100,000, Gencon 94 arbitration clause to be applied.

47. Owners to allow Charterers to discharge cargo without presentation of original Bills of Lading by providing Owners with Simple Letter of Indemnity in accordance with Owner's P & I Club format and wording before discharge. The Letter of Indemnity to be signed by the Charterers. The cargo shall be kept in agents custody and only delivered against original bills of ladings to the recivers , but only after owners receive charterers written instructions to release cargo.

48. Undisputed Demurrage and/or dispatch money as per box 20 to be settled within 15 running days after completion of discharging and onreceipt of invoice and supporting document from Owners and/or Charterers respectively. Any disagreement on demurrage and/or dispatch calculations must be notified to Owners and/or Chaterers within 9 (nine) days of receipt of invoice, otherwise figures are deemed correct and agreed by both parties. Notwithstanding the foregoing, any freight balances, demurrage and/or dispatch payment, age premium re-imbursement or any other payment associated with each shipment, shall be finally and irrevocably settled and fully paid-up not later than 10 (ten) days after presentation of invoice, after which, no further claims/disputes shall be entertained or considered by either party

    Demurrage / Despatch Rate: Usd 12500 pdpr hd wts bends

49. FORCE MAJEURE

- 4 -

### Rider Clauses to GENCON Charter Party

No liability shall be incurred by either party for failure to carry out the provision of this Charter Party or any of its terms or conditions as a result of fire, storm, flood, war, rebellion, insurrection, riot, strike or major plant or plant machinery breakdown or delay in plant start-up, where applicable, occurring either at loadport or discharge port that would prevent either the production/shipment or acceptance/receipt of intended cargo by the concerned party, any law, decree, proclamation, order, requisition, direction, requested by, of any government or governmental agency or authority, or any other act of God, whatsoever beyond the control of either party, whether similar or dissimilar to the causes enumerated.

In any such event, the Charterers, at its option, may suspend shipment, arrange for replacement shipments or cancel this Charter Party and no liability or other claim shall be attached against either party on account thereof. Cases of Force Majeure mentioned above are to be reported, promptly by telex or by fax or by mail upon their occurrence, but in no event later than 2(two) weeks after the commencement of the event leading to such force majeure

50.  New Jason Clause, Both-To-Blame collision clause, Chamber of Shipping clause paramount, P & I Club oil bunkering clause and Chamber of Shipping war risks clause 1 and 2 are deemed to be incorporated in this Charter Party.

a.  BOTH - TO - BLAME COLLISION CLAUSE

If any liability for any collision in which the vessel is involved while performing this Charter Party falls to be determined in accordance with the laws of the United States of America, then the following clause will be applied :-

Both – To – Blame Collision Clause

If the ship comes into collision with another ship as a result of the negligence of the other ship and any act, neglect or default of the Master, Mariner, Pilot or the servants of the carrier in the navigation or in the management of the ship, the Owners of the goods carried hereunder will indemnify the carrier against all loss or liability to the other or non-carrying ship or her Owners in so far as such loss or liability represents loss of, or damage to, or any claim whatsoever of the Owners of the said goods, paid or payable by the other or non-carrying ship or her Owners to Owners of the said goods and set off, recouped or recovered by the other or non-carrying ship or her Owners as part of their claim against the carrying ship or carrier. The foregoing provision shall also apply where the Owners, operators or those in charge of any ship or ships or objects other than, or in addition to, the colliding ships or objects are at fault in respect of a collision or contact.

b.  NEW JASON CLAUSE

General Average shall be payable according to the York/Antwerp Rules 1994 but where the adjustment is made is according with the law and practice of the United States of America, the following clause shall apply :-

New Jason Clause

In the event of accident, danger, damage or disaster before or after commencement of the voyage, resulting from any cause whatsoever, whether due to negligence or not, for which, or for the consequence of which, the carrier is not responsible, by statute,

### Rider Clauses to GENCON Charter Party

contract or otherwise, the goods, shippers, consignees or Owners of the goods shall contribute with the carrier in General Average to the payment of any sacrifice, losses or expenses of a General Average nature that may be made or incurred and shall pay salvage and special charges incurred in respect of the goods.

If a salvaging ship is owned or operated by the carrier, salvage shall be paid for as fully as if the said salvaging ship or ships belonged to strangers. Such deposit as the carrier or his agents may deem sufficient to cover the estimated contribution of the goods and any salvage and special charges thereon shall, if required, be made by the goods, shippers, consignees or Owners of the goods to the carrier before delivery.

**c.  GENERAL CLAUSE PARAMOUNT**

The Bills of Lading shall have effect subject to the provisions of any legislation relating to the carriage of goods by sea which incorporates the rules relating to Bills of Lading contained in the International convention dated Brussels, 25th August 1924 and which is compulsorily applicable to the contract of carriage herein contained. Such legislation shall be deem to be incorporated herein, but nothing herein contained shall be deemed a surrender by the carrier of any of its rights or immunities or an increase of any of its responsibilities or liabilities thereunder. If any term of this Bills of Lading be repugnant to any extent to any legislation by this clause incorporated, such term shall be void to that extent but no further. Nothing in this Bills of Lading shall operate to limit or deprive the carrier of any statutory protection or exemption from, or limitation or liabilities. The Charterers shall ensure that all Bills of Lading issued under this Charter Party shall contain the same clause.

**d.  WAR RISK CLAUSE**

No Bills of Lading to be signed for any blockaded port and if the port of discharge be declared blockaded after Bills of Lading have been signed, or if the port to which the ship has been ordered to discharge either on signing of Bills of Lading or thereafter be one to which the ship is or shall be prohibited from going by the government of the nation under whose flag the ship sails or by any other government, the Owner shall discharge the cargo at any port covered by this Charter Party as ordered by the Charterer (provided such other port is not blockaded or prohibited port as above mentioned) and shall be entitled to freight as if the ship had discharged at the port of discharge to which she was originally order.

The ship shall have the liberty to comply with any order or directions, as to departure, arrival, routes, port of call, stoppages, destinations, delivery of otherwise howsoever given by the government of the nation under whose flag the ship sails or any department thereof, or any other government or any department thereof, or any person acting or purporting to act with the authority of such government of any department thereof, or by any committee or person having under the terms of the war risks insurance on the ship, the right to give such orders or directions and if by reason of and in compliance with any such orders or directions anything is done or is not done, the same shall not be deemed a deviation and delivery in accordance with such orders or directions shall be fulfillment of the contract voyage and the freight shall be payable accordingly.

**e.  P & I CLUB OIL BUNKERING DEVIATION CLAUSE**

The ship in addition to all other liberties shall have the liberty as part of the contract voyage and at any stage thereof to proceed to any port or ports whatsoever, whether such ports are on or off the direct and/or customary route or routes to the ports of

- 6 -
### Rider Clauses to GENCON Charter Party

loading or discharge named in this Charter Party and there take oil bunkers in any quantity at the discretion of the Owners even to the full capacity of fuel tanks, and any other compartment in which oil can be carried whether such amount is or is not required for the chartered voyage.

51. Owners guarantee that vessel is approved for trading between India and China.

52. **INDEMNITY**

Indemnity for non-performance of this Charter Party, proved damages, not exceeding estimated amount of the freight.

53. Overage premium owners contribution Usd 2500/-. lumpsum

Bill(s) to be issued in 'CONGENBILL' form only. Bill of Lading to be marked :Clean on Board" and "Freight payable as per charter party" or incase freight marked " prepaid" then same to be released after owners confirmations of freight into nominated bank account.

Bill of lading shall be signed by the Master/ agents of the vessel, in conformity with Mate's receipts for and on behalf of the master/owners.

Bills of Lading to incorporate the date/terms of this Charter Party.

If there is a dispute in interpretation between the printed clauses and the rider clauses, the rider clauses will prevail over the printed clauses.


...........................................
*(signed for and on behalf of the Owner)*

...........................................
*(signed for and on behalf of the Charterer)*

# 국 양 해 운 ㈜
## KOOKYANG SHIPPING CO., LTD.
2nd Floor, Dongsung Bldg., #17-7

4-Ga, Namdaemun-Ro, Chung-Gu, Seoul, Korea

Tel : +82-2-6496-2736  Fax : +82-2-6496-2779

## Freight Invoice

| | | | | |
|---|---|---|---|---|
| Messrs | : | LMJ INTERNATIONAL | Date : | 01-Oct-07 |
| Vsl/Voy | : | MV'VIEN DONG 2' V-VD704N | B/L No. : | |
| Loading Port | : | HALDIA      ,INDIA | Term : | FIOST |
| Discharing Po: | : | NORTH OF   CHINA | | |
| Cargo Name | : | IRON ORE FINES IN BULK | | |
| G.Weight | : | 7,000.0000  MT | | |

| Item | Unit Price | Q'tty(M/T) | CREDIT | DEBIT |
|---|---|---|---|---|
| **Ocean Freight** | | | | |
| | 100%   X  US$  38.00  X | 7,000.0000 | US$ 266,000.00 | |
| **Less Comm** | 2.50% | | | US$    6,650.00 |
| **Less brokerage** | 1.25%   TRAMPLINE | | | US$    3,325.00 |
| **TTL** | | | US$ 266,000.00 | US$    9,975.00 |
| **Balance due to   Owner** | | | | US$  256,025.00 |

| | | |
|---|---|---|
| Bank | : | KOREA EXCHANGE BANK, TAEPYONGNO BRANCH |
| Account No. | : | 063-JSD-100914-6 (USD) |
| Beneficiary | : | KOOKYANG SHIPPING CO., LTD. |

Authorized Signature

C.K.Jung /

KOOKYANG SHIPPING CO., LTD.